# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**FAUSTINO BETANCOURT-COLÓN**,
    Plaintiff,

v.

**SUPERMERCADOS MÁXIMO, INC.,**
    Defendant.

Civil No. 22-1548 (BJM)

## ORDER

Faustino Betancourt-Colón ("Betancourt-Colón") sued Supermercados Máximo, Inc. ("Supermax") alleging unlawful discrimination in a place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Dkt. 1. Supermax removed the case to federal court, and after the parties cross-moved for summary judgment, Dkts. 25; 26, I denied Supermax's motion and granted Betancourt-Colón's motion. Dkt. 35. Betancourt-Colón now seeks attorney's fees pursuant to 42 U.S.C. § 12205. Dkt. 37.[1] Supermax opposed. Dkt. 38. Upon consent of the parties, this case was referred to me for all proceedings including entry of judgment. Dkt. 9.

Under the ADA, this court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. To arrive at a reasonable attorney's fee, the court "calculate[s] the time counsel spent on the case, subtract[s] duplicative, unproductive, or excessive hours, and . . . appl[ies] prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *González-Nieves v. Municipality of Aguadilla*, Civil No. 3:13-cv-01132 (JAF), 2016

---

[1] Mr. Betancourt-Colón passed away on July 10, 2024. *See Betancourt-Colón v. Supermercados Máximo, Inc.*, Civil No. 3:22-01274 (GMM), 2024 U.S. Dist. LEXIS 156652, at *1 n. 1 (D.P.R. Aug. 29, 2024). The motion for attorney's fees is being brought by Mr. Betancourt-Colón's counsel, Jose Carlos Vélez-Colón.

U.S. Dist. LEXIS 7893, at *4-5 (D.P.R. Jan. 22, 2016) (citing *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011)). The resulting figure "can then be adjusted based on the individual factors of the particular case, such as the results obtained and the time and labor actually required for the efficacious handling of the matter." *Id*. (citing *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008)). But "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id*.

### A. Prevailing Party

As an initial matter, only the "prevailing party" is eligible to receive attorney's fees under Section 12205. To qualify as the prevailing party, a plaintiff must show that 1) a material alteration in their legal relationship with the defendant has taken place, and 2) they obtained judgment on the merits or a court-ordered decree on at least some of their claims. *Betancourt-Colón v. Supermercados Máximo, Inc.*, 2024 U.S. Dist. LEXIS 156652, at *4-5. After reviewing arguments on the merits of Betancourt-Colón's claim, this court entered an order requiring Supermax to bring their meat counter, bakery counter, and customer service counter into compliance with the ADA. Dkt. 35 at 17. This remedy constitutes a material alteration in the legal relationship between the parties. *See Betancourt-Colón v. Supermercados Máximo, Inc.*, 2024 U.S. Dist. LEXIS 156652, at *4-5 (finding that a court order demanding Supermax to bring their customer service counter into compliance with the ADA constituted a material alteration in the legal relationship between the parties). Therefore, I find that Betancourt-Colón qualifies as the prevailing party and is eligible to receive attorney's fees under Section 12205.

**B. Hourly Rate**

When calculating a reasonable amount for an attorney's fee award, the first step is to determine the prevailing hourly rate for attorneys in the community, taking qualifications, experience, and specialized competence of the attorney into account. *González-Nieves*, 2016 U.S. Dist. LEXIS 7893, at *4-5. Betancourt-Colón's attorney, Jose Carlos Vélez-Colón, seeks a base hourly rate of $350, citing caselaw on attorney's fees in this district and his experience in ADA litigation. Vélez-Colón also seeks an upward adjustment of $50 to his proposed hourly rate due to the extraordinary amount of time and labor required, difficulty of the legal issues, risk incurred through contingency representation, societal benefits in securing disability access, his own experience and ability, his strong professional relationship with his client, and the purported undesirability of bringing ADA cases. *See* Dkt. 37 at 5-7. Altogether, Vélez-Colón seeks an award of $400 per hour.

Vélez-Colón cites *Skytec, Inc. v. Logistic Systems, Inc.*, Civil No. 15-2104 (BJM), 2019 U.S. Dist. LEXIS 42934 (D.P.R. Mar. 15, 2019), and *Reyes Cañada v. Hernandez*, 411 F. Supp. 2d 53 (D.P.R. 2006), in support of his sought-for compensation rate. *Reyes Cañada*, decided nearly twenty years ago, is not instructive on currently prevailing attorney billing rates. In *Skytec*, I credited the plaintiff's senior litigator with $275 per hour for attorney's fees. *Skytec*, 2019 U.S. Dist. LEXIS 42934, at *13-14. The attorney in that case had thirty-five years of litigation experience and was admitted to practice before seven different federal and state courts. *Id*. More recent opinions in this district, including those specifically evaluating Mr. Vélez-Colón's credentials, have found that "experienced attorneys in Puerto Rico earn $250.00 to $300.00 per hour . . . ." *Betancourt-Colón v. Acoba Realty Dev., Inc.*, Civil No. 20-1424 (CVR), 2024 U.S.

Dist. LEXIS 111168, at *8 (D.P.R. June 18, 2024); *Betancourt-Colón*, Civil No. 3:22-01274 (GMM), 2024 U.S. Dist. LEXIS 156652, at *8.

I find that Vélez-Colón's proffered rate of $350 per hour exceeds the prevailing market rate for attorneys with his level of experience. Similarly, I decline to credit Vélez-Colón's proposed $50 upward adjustment. Contrary to his assertion that this case was highly complex and time-consuming to litigate, Vélez-Colón served as counsel on six other cases in federal court with the same plaintiff making essentially the same ADA allegations. *See Betancourt v. Acoba Realty Dev. Corp.*, 20-cv-1424 (CVR); *Betancourt-Colón v. Plaza Caparra, LLC*, 21-cv-1342 (SCC); *Betancourt-Colón v. Supermercados Máximo, Inc.*, 22-cv-1274 (GMM); *Betancourt-Colón v. Supermercados Máximo, Inc.*, 23-cv-1378 (CVR); *Betancourt-Colón v. Supermercados Máximo, Inc.*, 24-cv-1075 (GMM). In one sister case, concerning the exact same defendant (but a different Supermax store, in Guaynabo), the court held that the "case was not particularly challenging or unique" and found Vélez-Colón's proposed $300 hourly rate and $50 upward adjustment "excessive." *See Betancourt-Colón v. Supermercados Máximo, Inc.*, 2024 U.S. Dist. LEXIS 156652, at *8. The court set his hourly rate at $200 per hour. *Id*. I find that this figure is reasonable and will proceed to calculate attorney's fees using a rate of $200 per hour.

**C. Time Worked**

Vélez-Colón provided time sheets showing a total of 84 attorney hours worked on Betancourt-Colón's successful claim against Supermax. *See* Dkt. 37 at 7; Dkt. 37-1 at 10-71. Vélez-Colón posits that his claimed hours worked have already been reduced to eliminate inefficient, duplicative, or excessive time. Dkt. 37 at 7. Supermax takes an opposing view, asserting that Vélez-Colón's hours include unjustifiable time entries that should be reduced or eliminated altogether. Dkt. 38 at 6. Supermax's various line-item objections fall into two general

categories: 1) work that should be considered duplicative, unnecessary, or excessive; and 2) tasks that are clerical or secretarial, rather than legal.

### i.     *Duplicative, Unnecessary, and Excessive Work*

Courts will not award attorney's fees for hours spent working on unnecessarily duplicative tasks. *See, e.g.*, *González-Nieves*, 2016 U.S. Dist. LEXIS 7893, at *24 (deducting time spent when more than one attorney reviews notices or filings by his co-counsel as unnecessarily duplicative). A task may be considered duplicative not only if it was repeated unnecessarily in the scope of the same case, but also if it was already performed in multiple similar cases brought by the same attorney. *See Burgos v. Sunvalleytek Int'l*, Case No. 18-cv-06910-HSG, 2021 U.S. Dist. LEXIS 132931, at *17 (N.D. Cal. May 10, 2021) (reducing attorney's fees when Plaintiffs' counsel contemporaneously filed five other similar complaints on essentially the same subject matter, noting that "[b]ecause of the substantial overlap between the Plaintiffs' counsel's various lawsuits in both the factual allegations and the legal theories, the Court finds persuasive Defendant's argument that there must have been substantial duplicative work for these cases, and it would be unreasonable to apportion all of the overlapping work to Defendant."). Vélez-Colón has five other cases in this court on behalf of Betancourt-Colón alleging ADA violations very similar to those in the present case. *See supra* p. 4 (listing cases). This case is not even the only one against Supermax and concerning counter heights. *See, e.g.*, Civil No. 3:22-01274 (GMM). Considering the substantial overlap between these cases, I agree with Supermax's argument that certain tasks should be considered duplicative and that it would be unreasonable to award full credit for these tasks. But duplicative tasks will not be written off entirely. Some time for these tasks should be credited – checking over and modifying filings to account for slight differences in fact patterns is

required as a matter of diligence even when most of the work can be reused. Balancing the above, I will discount duplicative work at a rate of 50% of Vélez-Colón's claimed hours.

As for work deemed unnecessary, these hours are subtracted from the total, along with excessive time spent on matters. *See Hernández-Meléndez v. Puerto Rico*, No. 14-1493, 2014 U.S. Dist. LEXIS 121533, at *2 (D.P.R. Aug. 29, 2014) ("[A]fter calculation of the initial amount of the award, attorney's fees may be reduced because of . . . the excessiveness of hours expended . . . [and] the time spent on needless or unessential matters.") (citation and internal quotation marks omitted). I find that several tasks billed by Vélez-Colón were unnecessary or excessive, and the fee award will be adjusted accordingly.

### ii.      *Clerical and Secretarial Work*

When calculating total hours worked for attorney fee purposes, clerical and secretarial tasks are treated differently from those which must be performed by lawyers. Clerical or secretarial tasks "include, but are not limited to, document preparation, organization, distribution, and copying; . . . data collection; . . . scheduling and logistical planning; filing court documents; . . . and docket review and management." *Pagan-Melendez v. Puerto Rico*, Civil No. 14-1495 (SEC), 2015 U.S. Dist. LEXIS 57764, at *4 (D.P.R. May 1, 2015) (citations omitted). These tasks should be compensated at a lower rate than that set for legal tasks, reflecting prevailing market rates for paralegals and secretaries. *See Feliciano v. Puerto Rico*, Civil No. 15-1158 (BJM), 2016 U.S. Dist. LEXIS 171000, at *6-7 (D.P.R. Dec. 9, 2016) (discussing how clerical tasks may be compensated in an attorney's fee award); *Missouri v. Jenkins*, 491 U.S. 274, 285-88 (1989) (same). In this district, prevailing market rates for paralegals and secretaries have been found to be 40% lower than rates for attorneys. *Feliciano*, 2016 U.S. Dist. LEXIS 171000, at *7.

Supermax is correct in noting that many of the tasks billed by Vélez-Colón are indeed clerical or secretarial. These will be discounted accordingly. As mentioned previously, an hourly rate of $200 will be employed for Vélez-Colón's attorney work hours. Hours spent on clerical or secretarial tasks will be credited at a rate of $120 per hour, 40% lower than the attorney rate.

## CONCLUSION

For the reasons explained above, Betancourt-Colón's motion for attorney's fees is **GRANTED IN PART**. Betancourt-Colón initially sought a total of $33,600 in attorney's fees, to which the following adjustments will be made:

1. A reduction in the hourly rate: Attorney work hours will be credited at a rate of $200 per hour, rather than the requested rate of $400 per hour.

2. A reduction for duplicative work: I find that Vélez-Colón's 2.1 hours drafting the unsworn declaration, 1.6 hours of discussions with the client regarding architectural barriers, 0.4 hours filing an informative motion about a court decision (also filed in three other cases), 0.9 hours reviewing the Supermax employee handbook, 2.2 hours drafting the complaint, and 5 hours drafting the statement of uncontested facts and motion for partial summary judgment are significantly duplicative of work performed in his other cases. The total hours listed for these entries, 12.2 hours, will be reduced to 6.1 hours.

3. A reduction for excessive time billed: I find that 1.2 hours drafting the written discovery request form, which appears to be largely boilerplate, is excessive, and reduce these to 0.6 hours.

4. A reduction for unnecessary tasks: I find that 0.2 hours drafting the motion requesting entry of default, 0.4 hours reading Supermax's responding motion in compliance, 0.1

hours drafting a motion to strike an incorrect filing, and 0.1 hours reviewing the order granting said motion to strike are unnecessary. These hours, 0.8 in total, will not be credited in the attorney's fee award.

5. A reduction for clerical tasks: Supermax claims 4.4 billed hours are for clerical tasks. To these, I add 0.4 hours billed for asking for deposition links and cancelling depositions and 0.6 hours for sending reminders about the Rule 26(f) meeting. However, entries that Supermax claims are for filing motions (1.1 hours total) will be credited as legal work, as they in fact show that Vélez-Colón was reviewing legal documents prior to filing. I also find that the entries for reviewing PDF files (0.4 hours)[2] and drafting the motion requesting issuance of summons (0.2 hours) represent legal work, contrary to Supermax's assertions. Therefore, 3.7 hours of work will be counted as clerical and credited at a rate of $120 per hour.

After these adjustments, Betancourt-Colón's claim for 84 hours is reduced to 72.8 hours, along with 3.7 clerical hours. The amount of attorney's fees awarded will be $15,004. The court also awards Betancourt-Colón the additional requested reimbursement of $170.00 for costs and expenses, which Supermax did not contest. Thus, the total award amount will be $15,174.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of January 2025.

<u>S/ Bruce J. McGiverin</u>
BRUCE J. MCGIVERIN
United States Magistrate Judge

---

[2] Supermax claims that Vélez-Colón billed $175.00, or 0.5 hours, for reviewing PDF files. However, one of those entries (0.1 hours) was also listed under their claim of hours spent filing motions, so has already been subtracted from Supermax's total claimed clerical hours. *See* Dkt. 37-1 at 68 (second entry); Dkt. 38 at 10.